IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:23-CR-149 |
| | : | |
| DAMIEN BOLAND, | : | |
| ALFRED ATSUS, AND | : | |
| JOSEPH ATSUS. | : | JUDGE MANNION |
| | : | |
| Defendants. | : | ELECTRONICALLY FILED |

**BRIEF IN SUPPORT OF DEFENDANTS, DAMIEN BOLAND, ALFRED ATSUS, AND JOSEPH ATSUS' JOINT MOTION TO SEVER**

**INTRODUCTION**

NOW COMES the Defendants Joseph Atsus, Alfred Atsus, and Damien Boland, by and through their undersigned counsel, hereby submit this Memorandum of Law in Support of their Motion to Sever pursuant to Fed. R. Crim. P. 14. For the reasons stated herein, the Defendants respectfully request that this Court sever Nicholas Dombek's case and trial from Defendants Damien Boland, Alfred Atsus, and Joseph Atsus.

The Indictment in this case alleges a burglary ring spanning two decades. The most culpable individual in the burglary ring is unindicted (but separately charged) coconspirator Thomas Trotta. Trotta committed each of the burglaries alleged in the Indictment and is the Government's main cooperating witnesses. The

second most culpable individual, according to the Government, is Nicolas Dombek.

The Government alleges that Dombek was a father figure for Trotta. According to Trotta, he committed countless burglaries, thefts and other offenses with Dombek since Trotta was a little boy. For decades, Dombek plotted crimes, and Trotta executed Dombek's schemes.

Dombek's alleged bad acts are more prevalent and more serious than those allegedly committed by his codefendants Joseph Atsus, Alfred Atsus, and Damien Boland. Dombek is alleged to have destroyed evidence, threatened witnesses, and conspired to poison and kill a Government witness.

These inflammatory allegations, coupled with the fact that Count 1 of the Indictment charges a conspiracy that is both wide ranging and not clearly defined, requires the Court to sever Defendant Nicolas Dombek's trial from the trial of Joseph Atsus, Alfred Atsus, and Damien Boland. These defendants would be clearly and substantially prejudiced by a joint trial with Dombek as a joint trial would create a serious risk that the jury would not be unable to make a reliable judgment about their guilt or innocence.

# PROCEDURAL HISTORY

## A. Indictment

On June 6, 2023, a thirteen-count Indictment was entered against Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek. (ECF 1.)

Count 1 of the Indictment charges a wide-ranging conspiracy (18 U.S.C. §371) to Commit Theft of Major Artwork (18 U.S.C. § 668(b)(1)), Concealment and Disposal of Major Artwork (18 U.S.C. § 668(b)(2)), and Transportation of Stolen Property ((18 U.S.C. § 2314)) spanning from August 1999 to September 2019.

Counts 2 and 3 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Theft of Major Artwork and Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's November 18, 2005 burglary of the Everhart Museum, located in Scranton, Pennsylvania.

Count 4 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's June 28, 2006 burglary of the Space Farms: Zoo and Museum ("Space Farms"), located in Wantage, New Jersey.

Counts 5 and 6 of the Indictment charges Defendant Damien Boland with aiding and abetting Theft of Major Artwork and Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's July 2, 2010 burglary of the Lackawanna County Historical Society, located in Scranton, Pennsylvania.

Count 7 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's March 2, 2011 burglary of the Ringwood Manor, located in Ringwood, New Jersey.

Count 8 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's May 6, 2012 burglary of the USGA Golf Museum & Library ("USGA Golf Museum"), located in Liberty Corner, New Jersey.

Count 9 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's December 18, 2012 burglary of the Harness Racing Museum and Hall of Fame ("Harness Racing Museum"), located in Goshen, New York.

Count 10 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's September 13, 2013 burglary of the National Museum of Racing and Hall of Fame ("Racing Museum"), located in Saratoga Springs, New York.

Count 11 of the Indictment charges Defendants Joseph Atsus and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's October 15, 2014 burglary of the Yogi Berra Museum & Learning Center ("Yogi Berra Museum"), located in Little Falls, New Jersey.

Count 12 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's July 26, 2016 burglary of the Roger Maris Museum, located in Fargo, North Dakota.

Count 13 of the Indictment charges Defendant Nicholas Dombek with aiding and abetting Interstate Transportation of Stolen Property in relation to unindicted conspirator Thomas Trotta's June 18, 2018 burglary of the Bertoni Gallery, located in Chester, New York.

**B. Arraignments and Detention/Release Hearings**

Shortly after the Indictment was entered, Defendants Joseph Atsus, Alfred Atsus, and Damien Boland were arraigned and released. On June 13, 2023, Damien Boland was arraigned, entered a plea of not guilty, and was released on his own recognizance. (ECF 18.)

On June 15, 2023, Joseph Atsus and Alfred Atsus were arraigned, entered a plea of not guilty, and were released on their own recognizance. (ECF 33, 28.)

Defendant Dombek, in contrast, went into hiding and was not located until he turned himself in nearly six (6) months later. On January 2, 2024, Nicholas Dombek was arraigned, entered a plea of not guilty, and was detained pending further proceedings. (ECF 58.)

## FACTUAL BACKGROUND

**A.     Allegations Against Boland and Atsus Brothers**

Counts 2 through 12 of the Indictment allege substantive offenses pursuant to 18 U.S.C. § 668 (Major Art Theft), against Defendants Joseph Atsus, Alfred Atsus, and Damien Boland. These allegations involve aiding and abetting Thomas Trotta in the planning, execution of burglaries of the Everhart Museum, Space Farms, the Lackawanna County Historical Society, Ringwood Manor, USGA Golf Museum, Harness Racing Museum, Racing Museum, Yogi Berra Museum, and Roger Maris Museum. These counts also allege the concealment and disposal of

the proceeds from these burglaries. Temporally, these burglaries occurred between 1999 and 2016.

Count 1 is far broader. It alleges a conspiracy, which not only includes the substantive offense alleged in Counts 2 through 12, but also several other burglaries and attempted burglaries committed by Trotta. Count 1 also includes overt acts, which do not involve allegations of Major Art Theft, from: the Franklin Mineral Museum, located in Franklin, New Jersey; the Antiques Exchange, an antiques store located in Hawley, Pennsylvania; Cade's Coins, a store located in Exeter, Pennsylvania; the Bertoni Gallery, located in Chester, New York; and Basic Irish Luxury, a store located in Newport, Rhode Island. Trotta committed these offenses between 2017 and 2018. Joseph Atsus, Alfred Atsus, and Damien Boland are not alleged to have been involved in these burglaries.

**B.     Allegations Against Defendant Dombek**

The allegations against Defendant Dombek are even broader. According to Trotta's statements, Trotta and Dombek have been committing burglaries and other thefts together since Trotta was a young boy. Dombek lived with Trotta and was a father figure to him. The discovery provided by the Government indicates that Trotta and Dombek combined to commit hundreds, if not thousands, thefts. It is alleged that Trotta and Dombek conspired to burglarize homes and automated teller machines (ATMs) across Lackawanna County.

7

According to the Government, Dombek was the mastermind of the burglary ring alleged in the Indictment. He would select target locations for Trotta to burglarize and advise him which items are most valuable and worth stealing. Dombek would manufacture equipment for Trotta to utilize in the burglaries. Following the burglaries, Dombek used his knowledge of metallurgy to melt down the pilfered precious metals and extract gemstones from the stolen objects.

Further, it is alleged that Dombek not only conspired with Trotta to commit thefts going beyond the scope of what is contained in the Indictment, it is also alleged that Dombek destroyed evidence, threatened witnesses, and conspired to poison and kill a witness believed to be cooperating with the Government. Specifically, it is alleged that Dombek discussed obtaining a fatal fentanyl dose to kill a cooperating witness. Dombek also separately discussed using a poisonous plant to kill the cooperating witness. During a search of Dombek's property, false hellebore, a poison plant, was seized.

## **LEGAL STANDARD**

The Rule 14 of the Federal Rules of Criminal Procedure provide that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. Fed. R. Crim. P. 14(a). "[A] district court

should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

> Such a risk might occur when evidence that the jury should not consider against a defendant, and that would not be admissible if a defendant were tried alone, is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

*Id*.

The burden is on the defendant of establishing improper joinder and there is a "heavy" burden on the defendant to show "clear and substantial prejudice resulting in a manifestly unfair trial." *United States v. Adens*, 2015 WL 894205, *3 (E.D. Pa. Feb. 27, 2015) ((quoting *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991)).

## STATEMENT OF QUESTIONS INVOLVED

QUESTION PRESENTED: Whether a defendant whose alleged conduct involves acts of actual and threatened violence should be tried separately from the three other defendants whose alleged conduct is limited to theft and receiving stolen property?

SUGGESTED ANSWER: Yes.

9

## ARGUMENT

Here, trying Defendant Dombek alongside Joseph Atsus, Alfred Atsus, and Damien Boland would create a serious risk that the jury would not be unable to make a reliable judgment about their guilt or innocence. Joseph Atsus, Alfred Atsus, and Damien Boland would be clearly and substantially prejudiced by a joint trial with Dombek.

As an initial matter, this is a complex case with many moving pieces. The potential for jury confusion is high as is the potential for prejudice against Joseph Atsus, Alfred Atsus, and Damien Boland. While the substantive offenses listed in Counts 2 through 12 of the Indictment are clear, discrete offenses, the conspiracy alleged in Count 1 is wide-ranging and unclear. It is unclear what the scope of the conspiracy alleged entails. The overt acts listed go beyond allegations of Major Art Theft as alleged in Counts 2 through 12.

The Government may seek to present evidence of Dombek's misconduct at a joint trial which dates back decades.[1] This evidence would not otherwise be admissible against Joseph Atsus, Alfred Atsus, and Damien Boland if they were tried separately. Such evidence, if admitted at a joint trial, would prejudice Joseph

---

[1] Joseph Atsus, Alfred Atsus, and Damien Boland are simultaneously, jointly requesting pre-trial notice of any evidence that the Government seeks to introduce at trial pursuant to Federal Rule of Evidence 404(b). Given the decades of burglary, thefts, and other crimes Defendant Dombek perpetrated with Trotta and others, the floodgates may be opened for bad acts by Dombek.

Atsus, Alfred Atsus, and Damien Boland as it would invite the jury to attribute Dombek's decades of bad acts to them. For instance, the jury would hear evidence relating to Trotta's burglaries of the Franklin Mineral Museum, the Antiques Exchange, Cade's Coins, the Bertoni Gallery, and Basic Irish Luxury even though Joseph Atsus, Alfred Atsus, and Damien Boland played no role in these offenses.

Further, the evidence that would be presented against Dombek is inflammatory and qualitatively different that the evidence against Joseph Atsus, Alfred Atsus, and Damien Boland. Unlike these defendants, Dombek destroyed evidence, threatened witnesses, and conspired to poison and kill a witness believed to be cooperating with the Government. Additionally, Dombek is alleged to have orchestrated and participated in several home invasions with Trotta. Finally, Dombek is alleged to be responsible for melting down and destroying historical artifact containing tremendous cultural value, including Yogi Berra World Series rings.

Joseph Atsus, Alfred Atsus, and Damien Boland did none of these things. This inflammatory evidence against Dombek would not otherwise be admissible against Joseph Atsus, Alfred Atsus, and Damien Boland if they were tried separately.

While Joseph Atsus, Alfred Atsus, and Damien Boland were promptly arraigned and released, Dombek went into hiding. Presumably, the Government

11

will be seeking a consciousness of guilt jury instruction. Such an instruction would not be appropriate in the cases of Joseph Atsus, Alfred Atsus, and Damien Boland, but would be proper in Dombek's case.

Finally, Dombek had a near-familial relationship with Trotta. If Joseph Atsus, Alfred Atsus, and Damien Boland were tried with Dombek, the jury may attribute Dombek's close relationship with Trotta to Joseph Atsus, Alfred Atsus, and Damien Boland.

## CONCLUSION

Defendants Joseph Atsus, Alfred Atsus, and Damien Boland, respectfully requests that this Honorable Court grant the within motion and sever Defendant Nicolas Dombek's trial from that of his codefendants.

Respectfully submitted,

/s/Jason J. Mattioli
Jason J. Mattioli
Michael J. Ossont
*Attorney for Defendant*
*Alfred Atsus*

/s/Matthew L. Clemente
Matthew L. Clemente
*Attorney for Defendant*
*Damien Boland*

/s/ Patrick A. Casey
Patrick A. Casey
*Attorney for Defendant*
*Joseph Atsus*

## CERTIFICATE OF COMPLIANCE
## <u>PURSUANT TO LOCAL RULE 7.8</u>

This brief complies with local Rule 7.8(b). The brief contains 2,218 words.

<u>/s/ Patrick A. Casey</u><br>
Patrick A. Casey

## **CERTIFICATE OF SERVICE**

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Brief in Support of Joint Motion to Sever was served upon the counsel of record via the Court's ECF system on this 12th day of July, 2024:

>James Buchanan, Esquire
>United States Attorney's Office
>235 North Washington Avenue
>Suite 311
>Scranton, PA 18501
>
>Matthew L. Clemente, Esquire
>Matthew L. Clemente, Attorney at Law
>88 North Franklin Street, 2nd Floor
>Wilkes Barre, PA 18640
>
>Jason J. Mattioli, Esquire
>Michael J. Ossont, Esquire
>The Mattioli Law Firm
>425 Biden Street, Suite 300
>Scranton, PA 18503
>
>Ernest D. Preate Jr., Esquire
>120 South State Street
>Clarks Summit, PA 18411

/s/ Patrick A. Casey
Patrick A. Casey