## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  3:23-CR-149 |
| | : | |
| DAMIEN BOLAND, | : | |
| ALFRED ATSUS, AND | : | |
| JOSEPH ATSUS. | : | JUDGE MANNION |
| | : | |
| Defendants. | : | ELECTRONICALLY FILED |

### DEFENDANTS DAMIEN BOLAND, ALFRED ATSUS, AND JOSEPH ATSUS' BRIEF IN SUPPORT OF MOTION TO REQUEST THE COURT AUTHORIZE THE DISTRIBUTION OF A WRITTEN JUROR QUESTIONNAIRE IN ADVANCE OF JURY SELECTION INTRODUCTION

Defense counsel are mindful of this Court's careful practices related to jury selection.  It is known that Your Honor inquires of the panel regarding fundamental questions of fairness and then invites counsel for the parties to follow up with inquiry regarding the particular issues of the case. Importantly, the lawyers are aware that *voir dire* is not the stage at which the Court will permit the case to be argued.

Moreover, defense counsel are aware that the Court takes measure to assure that members of the venire do not conduct research on the case.  To that end, the proposed questionnaire attached is devoid of reference to the facts of the case. Likewise, the questions are posed in a generalized and neutral manner so that the

person responding to the questionnaire is unable to infer the relationship of the inquiry to any court case.

It is summitted that the case at bar presents many unique issues for jury selection. The allegations have garnered an exceptional amount of media attention both locally and nationally. Additionally, the alleged destruction of some of the stolen property is likely to stir an emotional response in those potential jurors who are fans and devotees of the sports icon or team who earned the trophy or championship ring. Defendants seek to afford the potential jurors the opportunity to respond to questions in advance of the scheduled jury selection. Such a process will greatly improve the efficiency of the jury selection process and secure the Defendants' Sixth Amendment right to an impartial jury.

## **FACTUAL BACKGROUND**

The announcement of the Indictment was done with much intentional fanfare by the United States Government. In an unusual step, the United States Attorney Gerard M. Karam showcased the indictment with an in-person meeting with the media in the jury collection room of the federal courthouse in Scranton, Pennsylvania. Mr. Karam was accompanied by members of the investigation team including those of the Federal Bureau of Investigation, Pennsylvania State Police and others. The media event on June 15, 2023 was reported by many news outlets and was picked up by national and global media: *The New York Times* ("Thieves'

Loot: A Warhol, a Pollock and 9 of Berra's World Series Rings"), *ESPN* ("Arrests Made in Thefts of Yogi Berra World Series Rings, Roger Maris MBP Trophy"), *New York Post* ("Bandits Busted for Stealing $4M in Rare Yori Berra Memorabilia, Including 9 World Series Rings, MVP Plaques"), *North Jersey.com* ("It Ain't Over 'til Its Over: Pennsylvania Men indicted Years after Yogi Berra Museum Heist"), *France 24* (Lackawanna County Art Theft Ring Busted for Stealing Art Work and Sports Memorabilia), and the *Scranton Times-Tribune* ("Yogi Berra World Series Rings, Roger Maris MBP Trophy among Items Stolen in Multi-State Burglary Ring; Eight of Nine People in Custody Prosecutors Say").

The Government's chief witness, Thomas J. Trotta Jr., on April 7, 2024, appeared on the nationally syndicated news program, *60 Minutes*, and submitted to an extensive interview. Mr. Trotta highlighted his burglary at the Yogi Berra Museum and described that he melted Mr. Berra's nine World Series Championship rings.

The New York Yankees enjoy a significant fan following in Northeastern Pennsylvania and, especially, in Lackawanna County. As an example, the Class AAA Scranton/Wilkes-Barre Yankees were established in Moosic, PA in 2007. *The New York Times* reported that "It was hardly a secret that baseball fans in the area preferred the Yankees more than any other team." See *New York Times*, July 26, 2007; "Nothing's Too Good for Their Yankees," by Dave Caldwell.

Several local entrepreneurs operate bus trips from Scranton and regional boroughs to Yankee stadium.

Among the items alleged in the Indictment to have been stolen are former Yankee Yogi Berra's nine (9) World Series rings, and his seven (7) American League Championship rings.  Also, alleged is the theft of former Yankee Roger Maris' 1961 MVP trophy.

There are also allegations related to sports icons from Northeast Pennsylvania such as Christy Matthewson (Factoryville, PA) who was one of the most dominant pitchers in baseball history and Art Wall Jr. (Honesdale, PA) who won the Masters Tournament in 1959.

## **LEGAL STANDARD**

The Sixth Amendment to the United States Constitution secures to criminal defendants the right to trial by an impartial jury.  *Skilling v. United States*, 651 U.S. 358, 377-78 (2010); *see also*, U.S. Const. Art. III, §2, cl. 3.

## **STATEMENT OF QUESTIONS INVOLVED**

QUESTION PRESENTED:     Whether allegations garner exceptional local, state, and national media attention and where the facts involve the alleged destruction of revered sports icons, should the District Court grant the Defendants' Motion for A Juror Questionnaire?

SUGGESTED ANSWER:     Yes.

## ARGUMENT

Defendants submit that the combination of substantial media attention combined with the alleged destruction of trophies and awards of iconic sports figures supports the District Court's exercise of its discretion to authorize a questionnaire be issued to potential jurors in advance of trial to vet in an even-handed manner issues which may present bias against the Defendants in the trial of this case. The potential jurors will be summoned from Northeast Pennsylvania which is an area populated with generations of New York Yankee fans. The allegations that Yogi Berra's World Series rings were melted down will invariably be highly offensive to die-hard Yankee fans. Likewise, potential jurors will be drawn from Wyoming County, the birthplace of Christy Matthewson. Venire members will also come from Wayne County, the home of Art Wall Jr. It is alleged that trophies won by Mr. Wall were stolen from the Scranton Country Club and later destroyed. Identifying connections of potential jurors to these sports icons and several other sports figures (e.g., boxing, horse racing, etc.) implicated by the Indictment would be most effectively achieved in a neutral series of questions in a questionnaire. The questionnaire attached for the Court's review makes no reference to the facts of the instant case.

The United States Supreme Court recognized that "there is no hard-and-fast formula" which dictates the depth or breath of *voir dire*. *Skilling*, 651 U.S. at 386.

When pretrial publicity is at issue, it is the trial court which best situated to evaluate the effect of the publicity. *Id.* In *Skilling* the trial court authorized a 34-page questionnaire. The district court "initially screened venire members by eliciting their responses to a comprehensive questionnaire." *Id.* at 388. "That survey helped to identify prospective jurors excusable for cause and served as a springboard for further question put to remaining members of the array." *Id.* The Court noted that "after inspecting venire members' responses to questionnaires, [the district court] completed the jury selection process within one day." *Id.* at 389.

"Whether to allow written questionnaires to be submitted to prospective jurors in advance of the jury selection date, and the content of any such questionnaire, falls within the wide discretion accorded to the trial court in conducting *voir dire*." *United States v. Serafini*, 57 F. Supp. 2d 108, 111-12 (M.D. Pa. 1999). The district court in *Serafini* granted, in part, a questionnaire, and recognized that juror questionnaires "may serve as a better vehicle to unearth bias than oral questioning in court and may expedite the jury selection process." *Id.*

The Supreme Court recognized that the Sixth Amendment right to an impartial jury and the due process right to a fundamentally fair trial. *Id.* at 438 (dissent), *citing Irvin v. Dowd*, 366 U.S. 717, 723 (1961) and *Sheppard v. Maxwell*, 384 U.S. 333, 362 (1966). That is a guarantee to criminal defendants a trial in which jurors set aside

preconceptions, disregard extrajudicial influences, and decide guilt or innocence based on the evidence presented in court.

## **CONCLUSION**

Based upon the argument above, it is respectfully requested that that the Court issue an order approving the attached questionnaire to be mailed to prospective jurors, filled out, and returned to the Clerk before the start of jury selection.

Respectfully submitted,

/s/Jason J. Mattioli
Jason J. Mattioli
The Mattioli Law Firm
425 Biden Street, Suite 300
Scranton, PA 18503
(570) 880-7389
*Attorney for Defendant, Alfred Atsus*

/s/Matthew L. Clemente
Matthew L. Clemente
88 N. Franklin Street
Second Floor
Wilkes-Barre, PA 18701
(570) 266-8986
*Attorney for Defendant,*
*Damien Boland*

/s/ Patrick A. Casey
Patrick A. Casey
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100
*Attorney for Defendant, Joseph Atsus*

Date:  July 12, 2024

## CERTIFICATE OF COMPLIANCE
## <u>PURSUANT TO LOCAL RULE 7.8</u>

This brief complies with local Rule 7.8(b). The brief contains 1,301words.


<u>/s/ Patrick A. Casey</u>
Patrick A. Casey

## CERTIFICATE OF SERVICE

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Brief in Support of Motion to Request the Court Authorize the Distribution of a Written Juror Questionnaire in Advance of Jury Selection was served upon the counsel of record via the Court's ECF system on this 12th day of July 2024:

James Buchanan, Esquire
United States Attorney's Office
235 North Washington Avenue
Suite 311
Scranton, PA 18501

Matthew L. Clemente, Esquire
Matthew L. Clemente, Attorney at Law
88 North Franklin Street, 2nd Floor
Wilkes Barre, PA 18640

Jason J. Mattioli, Esquire
Michael J. Ossont, Esquire
The Mattioli Law Firm
425 Biden Street, Suite 300
Scranton, PA 18503

Ernest D. Preate Jr., Esquire
120 South State Street
Clarks Summit, PA 18411

/s/ Patrick A. Casey
Patrick A. Casey