IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  3:23-CR-149 |
| | : | |
| DAMIEN BOLAND, | : | |
| ALFRED ATSUS, AND | : | |
| JOSEPH ATSUS. | : | JUDGE MANNION |
| | : | |
| Defendants. | : | ELECTRONICALLY FILED |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION IN *LIMINE* TO EXCLUDE THE GOVERNMENT'S EXPERT TESTIMONY REGARDING THE AUTHENTICITY, VALUE, AND/OR AGE OF THE ALLEGED OBJECTS OF CULTURAL HERITAGE**

## INTRODUCTION

Defendants, Damien Boland, Alfred Atsus, and Joseph Atsus, by and through their undersigned counsel, hereby file the instant Brief in Support of Their Motion *in Limine* to Exclude the Government's Expert Testimony Regarding the Authenticity, Value, and/or Age of the Alleged Objects of Cultural Heritage, and in support thereof, aver as follows.

## PROCEDURAL HISTORY

**A.     Indictment**

On June 6, 2023, a thirteen-count Indictment was entered against Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek. (ECF 1.)

Count 1 of the Indictment charges a wide-ranging conspiracy (18 U.S.C. §371) to Commit Theft of Major Artwork (18 U.S.C. § 668(b)(1)), Concealment

and Disposal of Major Artwork (18 U.S.C. § 668(b)(2)), and Transportation of Stolen Property ((18 U.S.C. § 2314)) spanning from August 1999 to September 2019.

Counts 2 and 3 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Theft of Major Artwork and Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's November 18, 2005 burglary of the Everhart Museum, located in Scranton, Pennsylvania.

Count 4 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's June 28, 2006 burglary of the Space Farms: Zoo and Museum ("Space Farms"), located in Wantage, New Jersey.

Counts 5 and 6 of the Indictment charges Defendant Damien Boland with aiding and abetting Theft of Major Artwork and Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's July 2, 2010 burglary of the Lackawanna County Historical Society, located in Scranton, Pennsylvania.

Count 7 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's

March 2, 2011 burglary of the Ringwood Manor, located in Ringwood, New Jersey.

Count 8 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's May 6, 2012 burglary of the USGA Golf Museum & Library ("USGA Golf Museum"), located in Liberty Corner, New Jersey.

Count 9 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's December 18, 2012 burglary of the Harness Racing Museum and Hall of Fame ("Harness Racing Museum"), located in Goshen, New York.

Count 10 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's September 13, 2013 burglary of the National Museum of Racing and Hall of Fame ("Racing Museum"), located in Saratoga Springs, New York.

Count 11 of the Indictment charges Defendants Joseph Atsus and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's October 15, 2014 burglary of

the Yogi Berra Museum & Learning Center ("Yogi Berra Museum"), located in Little Falls, New Jersey.

Count 12 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's July 26, 2016 burglary of the Roger Maris Museum, located in Fargo, North Dakota.

Count 13 of the Indictment charges Defendant Nicholas Dombek with aiding and abetting Interstate Transportation of Stolen Property in relation to unindicted conspirator Thomas Trotta's June 18, 2018 burglary of the Bertoni Gallery, located in Chester, New York.

**B.      Arraignments and Detention/Release Hearings**

Shortly after the Indictment was entered, Defendants Joseph Atsus, Alfred Atsus, and Damien Boland were arraigned and released. On June 13, 2023, Damien Boland was arraigned, entered a plea of not guilty, and was released on his own recognizance. (ECF 18.)

On June 15, 2023, Joseph Atsus and Alfred Atsus were arraigned, entered a plea of not guilty, and were released on their own recognizance. (ECF 33, 28.)

On January 2, 2024, Nicholas Dombek was arraigned, entered a plea of not guilty, and was detained pending further proceedings. (ECF 58.)

## **FACTUAL BACKGROUND**

The Indictment in this case alleges a burglary ring spanning two decades. Count I of the Indictment alleges a conspiracy, under 18 U.S.C. § 371, to violate federal criminal statute 18 U.S.C. § 668, Theft of major artwork ("the Art Theft statute"). The remaining 12 counts allege crimes under the Art Theft statute, which outlaws the stealing or obtaining by fraud "from the care, custody, or control of a museum any object of cultural heritage." *Id*. at (b)(1). The statute then sets forth an exacting definition of "an object of cultural heritage," which takes into account the age and value of the object in question. *Id*. at (a)(2).

The Indictment implicates dozens of claimed stolen items, which the Government alleges meet the definition of an object of cultural heritage. (ECF 1). The Government's discovery productions, however, reveal little-to-no expert substantiation for their claims regarding the age and value of the alleged stolen items.[1]

## **LEGAL STANDARD**

Federal Rule of Evidence 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

---

[1] Relatedly, the Government has produced materials entitled DNA and Lab Reports. This forensic evidence purportedly emanates from the various alleged crime scenes, including, *inter alia*, the Yogi Berra Museum and the International Boxing Hall of Fame. Defendants are willing to enter into discussion with the Government on a reasonable stipulation regarding the authenticity and admissibility of the DNA and Lab Reports.

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon scientific facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

"District court judges have a 'gatekeeping' obligation to insure that only reliable and relevant expert testimony be presented to jurors." *Tyger v. Precision Drilling Corp.*, 832 Fed. App'x 108, 111-12 (3d Cir. 2020). Rule 702 charges district court judges with the task of ensuring "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Accordingly, pursuant to *Daubert* and its progeny, district courts must ensure that expert testimony "satisfies a 'trilogy of restrictions': qualification, reliability and fit." *Id*. (citation omitted).

## STATEMENT OF QUESTION INVOLVED

QUESTION PRESENTED: Should this Honorable Court grant Defendants' Motion *in Limine* where the Government has failed to produce expert opinion regarding the age, value, and authenticity of the alleged objects of cultural heritage, as required by Fed. R. Crim. P. 16 and F.R.E. 702?

SUGGESTED ANSWER: Yes.

## ARGUMENT

As with any criminal matter, the Government has the burden of proof as to each element of the crimes it alleges the Defendants have committed in this matter.

Necessary to carrying that burden is establishing that the items alleged to have been taken meet the statutory definition of an "object of cultural heritage," as set forth in 18 U.S.C.A. § 668, Theft of major artwork. Thus, any object alleged to have been stolen must be (1) over 100 years old and worth in excess of $5,000, or (2) worth at least $100,000. *Id*. at (a)(2)(A) and (B).

### A. The Valuations Appearing in The Government's Discovery Productions Do Not Meet the Requirements for Expert Opinion as set forth in Federal Rule of Evidence 702

The Government cannot establish that the items alleged have been stolen meet the criteria without the analysis and testimony of qualified experts, who are capable of dating and/or appraising the value of those items.

The court's gatekeeping role "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is ... valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert* 509 U.S. at 592-93.

This role applies to all expert testimony, not only to "scientific" expert testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). As the advisory committee notes to Rule 702 explain, expert testimony is admissible provided that "the principles and methods [used by the expert] are reliable and applied reliably to the facts of the case." FRE 702 – Advisory Committee notes (2000 amendments).

To the extent that the Government intends to rely on valuations or authentications of some of the alleged stolen items that have appeared in the discovery materials exchanged among the parties thus far, Defendants have no assurance that any of the purported expert reviews meet the standard of admissible expert testimony established by Federal Rule of Evidence 702 and interpreting case law. For instance, in the case of the firearms allegedly stolen from Space Farms in 2006, there is no indication that the Government's valuations and date of productions for these firearms is based on *any* expert analysis or methodology. Instead, it appears that the Government is relying upon the Space Farm's non-expert estimates of the values and dates of production. Such analysis is plainly inadequate under the Federal Rules of Evidence. *See United States v. Goldman*, 953 F.3d 1213, 1223-26 (11th Cir. 2020)(reversing a restitution order for an object of cultural heritage where the sentencing court relied upon the victim's valuation of the object without any explanation of the basis of the valuation).[2]

In *Waldorf v. Shuta*, 142 F.3d 601 (3d Cir. 1998), the United States Court of Appeals for the Third Circuit articulated the "qualification" standard for an expert: "Rule 702 requires the witness to have 'specialized knowledge' *regarding the area of testimony*." 142 F.3d at 625 (emphasis added).

---

[2] As another example, the Government's discovery production indicates that O'Toole-Ewald Art Associates, Inc. ("O'Toole") appraised "Le Grande Passion," by Andy Warhol, affixing a value of $100,000. However, the O'Toole report does not speak to the authenticity or provenance of the painting, and Government has not provided any documentation regarding the authenticity or provenance of the painting. Further, there is no indication in the discovery production that the Government has retained O'Toole as an expert. The O'Toole report was produced by the Everhart Museum's insurance company. Finally, it is unclear whether the methodology of the O'Toole report, dated January 31, 2006, would meet *Daubert* standards today, given that the report is nearly 20 years old.

In the instant case, the Government has not produced any disclosure that evidences a qualified expert with specialized knowledge employing a reliable method to establish that the items in question are over 100 years old and have a value of at least $5,000, or that the items of any age have a value of at least $100,000. *See*, 18 U.S.C.A. § 668(a)(2)(A) and (B).

If the Government intends to rely on various valuations or authentications that are present in the discovery materials, the Government has failed to establish that any such reviews meet Rule 702 or the *Daubert* standard, and thus, they should be excluded at trial.

### B. The Government Has Not Made Any Expert Disclosures Pursuant to Federal Rule of Criminal Procedure 16

If instead the Government intends to rely on the testimony of yet undisclosed experts, the Government must expeditiously disclose each expert's report and qualifications, in total compliance with Fed. R. Crim. P. 16(a)(1)(G)(iii), in order to give the Defendants proper opportunity to evaluate the qualifications and methodology of such experts and, if necessary, obtain their own experts in response.

Pursuant to Federal Rule of Criminal Procedure 16, required disclosures for expert witnesses "must contain:

- A complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);

- The bases and reasons for them;
- The witness's qualifications, including a list of all publications authored in the previous 10 years; and
- A list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition."

Fed. R. Crim. P. 16(a)(1)(G)(iii).

Thus far, the Government has produced no Rule 16 expert disclosures for its allegations that the items in question, listed in the Indictment, meet the criteria of "object[s] of cultural heritage."

Without the Government's expert disclosure, Defendants will be subject to unfair surprise and deprived of an opportunity to contest the validity of any expert opinion the Government plans to offer at trial. Therefore, the Government must be made to produce its expert disclosures within two weeks. Such a deadline is necessary to ensure that Defendants have adequate opportunity in advance of trial to retain their own experts to review, and possibly contest, any Government expert report as to an object's value and/or date of production.

## **CONCLUSION**

WHEREFORE, in light of the foregoing, Defendants respectfully request that this Honorable Court grant their Motion *in Limine* and exclude the Government's purported expert testimony regarding the authenticity, value, and/or age of the allegedly stolen objects of cultural heritage.

In the alternative, Defendants respectfully request that this Honorable Court order the Government to produce expert opinion it intends to introduce at trial, in accord with Rule 16 of the Federal Criminal Rules of Procedure, by July 29, 2024.

Respectfully submitted,

/s/Jason J. Mattioli
Jason J. Mattioli
Michael J. Ossont
*Attorneys for Defendant*
*Alfred Atsus*

/s/Matthew L. Clemente
Matthew L. Clemente
*Attorney for Defendant*
*Damien Boland*

/s/ Patrick A. Casey
Patrick A. Casey
*Attorney for Defendant*
*Joseph Atsus*

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO LOCAL RULE 7.8

This brief complies with local Rule 7.8(b). The brief contains 2,235 words.

/s/ Patrick A. Casey
Patrick A. Casey

## **CERTIFICATE OF SERVICE**

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Brief in Support of their Motion in *Limine* to Exclude the Government's Expert Testimony Regarding the Authenticity, Value, and/or Age of the Alleged Objects of Cultural Heritage, was served upon the counsel of record via the Court's ECF system on this 12th day of July, 2024:

>James Buchanan, Esquire
>United States Attorney's Office
>235 North Washington Avenue
>Suite 311
>Scranton, PA 18501
>
>Matthew L. Clemente, Esquire
>Matthew L. Clemente, Attorney at Law
>88 North Franklin Street, 2nd Floor
>Wilkes Barre, PA 18640
>
>Jason J. Mattioli, Esquire
>Michael J. Ossont, Esquire
>The Mattioli Law Firm
>425 Biden Street, Suite 300
>Scranton, PA 18503
>
>Ernest D. Preate Jr., Esquire
>120 South State Street
>Clarks Summit, PA 18411

/s/ Patrick A. Casey
Patrick A. Casey