IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | 3:23-cr-00149-MEM |
| v. | : | |
| | : | |
| DAMIEN BOLAND, | : | (Judge Mannion) |
| ALFRED ATSUS, and | : | |
| JOSEPH ATSUS. | : | (Electronically Filed) |

**BRIEF IN SUPPORT OF DEFENDANTS DAMIEN BOLAND, ALFRED ATSUS, AND JOSEPH ATSUS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF FIREARM RECOVERED FROM DAMIEN BOLAND'S AUNT**

**INTRODUCTION**

NOW COMES the Defendants Joseph Atsus, Alfred Atsus, and Damien Boland, by and through their undersigned counsel, hereby submit this Memorandum of Law in Support of their Joint Motion *in Limine* to Exclude Evidence of Firearm Recovered from Damien Boland's Aunt, pursuant to Federal Rules of Evidence 402 and 403. For the reasons stated herein, the Defendants respectfully request that this Court order the exclusion of the firearm recovered from Damien Boland's Aunt.

**PROCEDURAL HISTORY**

A.  **Indictment**

On June 6, 2023, a thirteen-count Indictment was entered against Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek. (ECF 1.)

Count 1 of the Indictment charges a wide-ranging conspiracy (18 U.S.C. §371) to Commit Theft of Major Artwork (18 U.S.C. § 668(b)(1)), Concealment and Disposal of Major Artwork (18 U.S.C. § 668(b)(2)), and Transportation of Stolen Property ((18 U.S.C. § 2314)) spanning from August 1999 to September 2019.

Counts 2 and 3 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Theft of Major Artwork and Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's November 18, 2005 burglary of the Everhart Museum, located in Scranton, Pennsylvania.

Count 4 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's June 28, 2006 burglary of the Space Farms: Zoo and Museum ("Space Farms"), located in Wantage, New Jersey.

Counts 5 and 6 of the Indictment charges Defendant Damien Boland with aiding and abetting Theft of Major Artwork and Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's July 2, 2010 burglary of the Lackawanna County Historical Society, located in Scranton, Pennsylvania.

Count 7 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's March 2, 2011 burglary of the Ringwood Manor, located in Ringwood, New Jersey.

Count 8 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's May 6, 2012 burglary of the USGA Golf Museum & Library ("USGA Golf Museum"), located in Liberty Corner, New Jersey.

Count 9 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's December 18, 2012 burglary of the Harness Racing Museum and Hall of Fame ("Harness Racing Museum"), located in Goshen, New York.

Count 10 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's September 13, 2013 burglary of the National Museum of Racing and Hall of Fame ("Racing Museum"), located in Saratoga Springs, New York.

Count 11 of the Indictment charges Defendants Joseph Atsus and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's October 15, 2014 burglary of the Yogi Berra Museum & Learning Center ("Yogi Berra Museum"), located in Little Falls, New Jersey.

Count 12 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's July 26, 2016 burglary of the Roger Maris Museum, located in Fargo, North Dakota.

Count 13 of the Indictment charges Defendant Nicholas Dombek with aiding and abetting Interstate Transportation of Stolen Property in relation to unindicted conspirator Thomas Trotta's June 18, 2018 burglary of the Bertoni Gallery, located in Chester, New York.

**B.     Arraignments and Detention/Release Hearings**

Shortly after the Indictment was entered, Defendants Joseph Atsus, Alfred Atsus, and Damien Boland were arraigned and released. On June 13, 2023, Damien Boland was arraigned, entered a plea of not guilty, and was released on his own recognizance. (ECF 18.)

On June 15, 2023, Joseph Atsus and Alfred Atsus were arraigned, entered a plea of not guilty, and were released on their own recognizance. (ECF 33, 28.)

Defendant Dombek, in contrast, went into hiding and was not located until he turned himself in nearly six (6) months later. On January 2, 2024, Nicholas Dombek was arraigned, entered a plea of not guilty, and was detained pending further proceedings. (ECF 58.)

## FACTUAL BACKGROUND

### A. Firearm Recovered from Damien Boland's Aunt

Following the publicity surrounding the unsealing of Indictment in this case, Mr. Boland's aunt, Donna De La Vina, through counsel, contacted the Federal Bureau of Investigation (FBI) regarding a firearm Mr. Boland left at her residence years prior. Ms. De La Vina discovered the firearm in storage and feared that it might be stolen or have some connection to the Indictment in this case. The gun, a Colt Dragoon revolver (serial number 150609), was turned over to the FBI.

The photos of the revolver were provided to Herb Glass, who is a Colt firearm expert. Mr. Glass opined, based on the "numerous photographs" provided by the FBI "that this gun is a modern reproduction of a Colt Dragoon" that possesses "no indicators of originality." The Government claims that the revolver was one of the revolvers involved in the 2006 burglary of Space Farms.

### B. Firearm Stolen from Space Farm

None of the guns stolen from Space Farms in 2006 were insured or appraised prior to the theft. The authenticity, condition, and value of these guns are

unknown. While a Colt Dragoon was stolen from Space Farms, there is no indication that the reproduction recovered from Mr. Boland's aunt is the same firearm.

## LEGAL STANDARD

The Federal Rules of Evidence provide:

**Rule 401. Test for Relevant Evidence**

Evidence is relevant if:
(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action.

**Rule 402. General Admissibility of Relevant Evidence**

Relevant evidence is admissible unless any of the following provides otherwise:
- the United States Constitution;
- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

**Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## STATEMENT OF QUESTIONS INVOLVED

QUESTION PRESENTED:   Whether a firearm unrelated to this case should be barred from evidence as irrelevant and unfairly prejudicial?

SUGGESTED ANSWER:   Yes.

## ARGUMENT

Here, the fact that Mr. Boland left an antique firearm at his aunt's house is irrelevant to any allegation against him. *See* F.R.E. 401.

Further, even if such evidence was relevant, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. *See* F.R.E. 403; see also *United States v. Sampson*, 980 F.2d 883 (3d Cir. 1992) There is no indication that the firearm left at Ms. Boland's aunt's house was the firearm stolen from Space Farms in 2006. As a result, if the Government is permitted to introduce evidence relating to the recovered firearm, such evidence would have the effect of confusing the issues and misleading the jury. The issue in this case is whether Mr. Boland aided and abetted Trotta's burglary of Space Farms. Whether or not Mr. Boland ever possessed an antique firearm has no bearing on this question.

Allowing the Government to present evidence relating to the firearm recovered from Mr. Boland's aunt would mislead the jury into believing that his gun was related to Trotta's Space Farm burglary. Such confusing and misleading

7

evidence would likewise unfairly prejudice Joseph Atsus, Alfred Atsus, and Damien Boland.

## **CONCLUSION**

Defendants Joseph Atsus, Alfred Atsus, and Damien Boland, respectfully requests that this Honorable Court preclude the Government of introducing evidence of the firearm of recovered from Mr. Boland's aunt.

                    Respectfully submitted,

                    /s/Jason J. Mattioli
                    Jason J. Mattioli
                    Michael J. Ossont
                    *Attorney for Defendant*
                    *Alfred Atsus*

                    /s/Matthew L. Clemente
                    Matthew L. Clemente
                    *Attorney for Defendant*
                    *Damien Boland*

                    /s/ Patrick A. Casey
                    Patrick A. Casey
                    *Attorney for Defendant*
                    *Joseph Atsus*

**CERTIFICATE OF COMPLIANCE**
**PURSUANT TO LOCAL RULE 7.8**

This brief complies with local Rule 7.8(b). The brief contains 1,348 words.

/s/ Patrick A. Casey
Patrick A. Casey

# CERTIFICATE OF SERVICE

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Joint Brief in Support of Joint Motion in *Limine* to Exclude Evidence of Firearm Recovered from Damien Boland's Aunt, was served upon the counsel of record via the Court's ECF system on this 12th day of July, 2024:

>James Buchanan, Esquire
>United States Attorney's Office
>235 North Washington Avenue
>Suite 311
>Scranton, PA 18501
>
>Matthew L. Clemente, Esquire
>Matthew L. Clemente, Attorney at Law
>88 North Franklin Street, 2nd Floor
>Wilkes Barre, PA 18640
>
>Jason J. Mattioli, Esquire
>Michael J. Ossont, Esquire
>The Mattioli Law Firm
>425 Biden Street, Suite 300
>Scranton, PA 18503
>
>Ernest D. Preate Jr., Esquire
>120 South State Street
>Clarks Summit, PA 18411

/s/ Patrick A. Casey
Patrick A. Casey