**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO.  3:23-CR-149** |
| | : | |
| **DAMIEN BOLAND,** | : | |
| **ALFRED ATSUS, AND** | : | |
| **JOSEPH ATSUS.** | : | **JUDGE MANNION** |
| | : | |
| **Defendants.** | : | **ELECTRONICALLY FILED** |

**DEFENDANT JOSEPH ATSUS' BRIEF IN SUPPORT OF MOTION IN _LIMINE_ TO EXCLUDE STATEMENTS PROTECTED UNDER THE SPOUSAL IMMUNITY PRIVILEGE**

**INTRODUCTION**

It is believed that law enforcement inquired of the wife of Defendant Joseph Atsus regarding confidential communications between husband and wife during the existence of their marriage. Mr. Atsus asks the Court to grant, in _limine_, a request to exclude testimony of the now ex-wife of Joseph Atsus.

**PROCEDURAL HISTORY**

A.    **Indictment**

On June 6, 2023, a thirteen-count Indictment was entered against Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek.  (ECF 1.)

Count 1 of the Indictment charges a wide-ranging conspiracy (18 U.S.C. §371) to Commit Theft of Major Artwork (18 U.S.C. § 668(b)(1)), Concealment

and Disposal of Major Artwork (18 U.S.C. § 668(b)(2)), and Transportation of Stolen Property ((18 U.S.C. § 2314)).

Counts 2 and 3 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Theft of Major Artwork and Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's November 18, 2005 burglary of the Everhart Museum, located in Scranton, Pennsylvania.

Count 4 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's June 28, 2006 burglary of the Space Farms: Zoo and Museum, located in Wantage, New Jersey.

Counts 5 and 6 of the Indictment charges Defendant Damien Boland with aiding and abetting Theft of Major Artwork and Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's July 2, 2010 burglary of the Lackawanna County Historical Society, located in Scranton, Pennsylvania.

Count 7 of the Indictment charges Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's

2

March 2, 2011 burglary of the Ringwood Manor, located in Ringwood, New Jersey.

Count 8 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's May 6, 2012 burglary of the USGA Gold Museum & Library, located in Liberty Corner, New Jersey.

Count 9 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's December 18, 2012 burglary of the Harness Racing Museum and Hall of Fame, located in Goshen, New York.

Count 10 of the Indictment charges Defendants Damien Boland and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's September 13, 2013 burglary of the National Museum of Racing and Hall of Fame, located in Saratoga Springs, New York.

Count 11 of the Indictment charges Defendants Joseph Atsus and Nicholas Dombek with aiding and abetting Concealment of Disposal of Major Artwork in relation to unindicted conspirator Thomas Trotta's October 15, 2014 burglary of the Yogi Berra Museum & Learning Center, located in Little Falls, New Jersey.

Count 12 of the Indictment charges Defendants Damien Boland and

Nicholas Dombek with aiding and abetting Concealment of Disposal of Major

Artwork in relation to unindicted conspirator Thomas Trotta's July 26, 2016

burglary of the Roger Maris Museum, located in Fargo, North Dakota.

Count 13 of the Indictment charges Defendant Nicholas Dombek with aiding

and abetting Interstate Transportation of Stolen Property in relation to unindicted

conspirator Thomas Trotta's June 18, 2018 burglary of the Bertoni Gallery, located

in Chester, New York.

## B. Arraignments and Detention/Release Hearing

Shortly after the Indictment was entered, Defendants Joseph Atsus, Alfred

Atsus, and Damien Boland turned arraigned and released.

On June 13, 2023, Damien Boland was arraigned, entered a plea of not

guilty, and was released on his own recognizance.  (ECF 18.)

On June 15, 2023, Joseph Atsus and Alfred Atsus were arraigned, entered a

plea of not guilty, and were released on their own recognizance.  (ECF 33, 28.)

Defendant Dombek, in contrast, went into hiding and was not located until

he turned himself in nearly six (6) months later.

On January 2, 2024, Nicholas Dombek was arraigned, entered a plea of not

guilty, and was detained pending further proceedings.  (ECF 58.)

## FACTUAL BACKGROUND

Defendant Joseph Atsus was married to Jodi Ann Vasil (Jodi Vasil) on May 24, 2008, and the divorce became final on March 11, 2021.

The Pennsylvania State Police troopers (PSP troopers) interviewed Jodi Vasil September 26, 2019 and February 9, 2021.

It is believed that the PSP troopers inquired Jodi Vasil regarding confidential communications between husband and wife during the existence of their marriage.

## LEGAL STANDARD

Title 42 Pa. C.S.A. § 5914 provides: "Except as otherwise provided in this subchapter, in a criminal proceeding neither husband nor shall be competent or permitted to testify to confidential communications made by one to the other, unless this privilege is waived upon trial."

## STATEMENT OF QUESTION INVOLVED

QUESTION PRESENTED:      Whether statements taken from the Defendant's then wife regarding confidential marital communication by law enforcement during the existence of the marriage are subject to exclusion from evidence under the spousal immunity privilege?

SUGGESTED ANSWER:      Yes.

## **ARGUMENT**

The Pennsylvania State Police troopers (PSP troopers) interviewed Jodi Vasil September 26, 2019 and February 9, 2021. It is believed that the PSP troopers inquired Jodi Vasil regarding confidential communications between husband and wife during the existence of their marriage. Defendant Joseph Atsus was married to Jodi Ann Vasil (Jodi Vasil) on May 24, 2008 and the divorce became final on March 11, 2021. Mr. Atsus may assert the privilege. *Blau v. United States*, 340 U.S. 332 (1951); *Commonwealth v. Davis*, 121 F.3d 551, 556-57 (Pa. Super. 2015); Hunter v. Hunter, 83 A.2d 401, 403 (Pa. Super. 1951).

Title 42 Pa. C.S.A. § 5914 provides: "Except as otherwise provided in this subchapter, in a criminal proceeding neither husband nor shall be competent or permitted to testify to confidential communications made by one to the other, unless this privilege is waived upon trial." *See also*, *Wolfle v. United States*, 291 U.S. 7, 14 (1934) (emphasizing the importance of the institution of marriage over the administration of justice). In *Commonwealth v. Borris*, 372 A.2d 451, 454 (Pa. Super. 1977) the court identified the "second privilege [which] governs confidential communications made during a marriage, subsequently terminated by death or divorce." The court noted that Pennsylvania courts have "held that the reason for the rule of the common law, which forbade husband and wife to give testimony against each other, ceased on death or divorce of one of the parties.

6

[citation omitted]" The court continued, "The disqualification of one of the parties, except as to confidential communications." *Id.* Confidential marital communications continue to be privileged after the parties are divorce. *Pereira v. United States*, 347 U.S. 1, 6 (1954).

## CONCLUSION

Based upon the above argument, it is respectfully requested that the Court hold a factual hearing to determine what statements the Government seeks to admit from Mr. Joseph Atsus' ex-wife, and whether the statements are subject to exclusion in the trial in the case.

Respectfully submitted,

/s/ Patrick A. Casey
Patrick A. Casey
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA  18503
(570) 342-6100

*Attorney for Defendant, Joseph Atsus*

Date:  July 12, 2024

## CERTIFICATE OF COMPLIANCE
## <u>PURSUANT TO LOCAL RULE 7.8</u>

This brief complies with local Rule 7.8(b). The brief contains 1,169 words.

/s/ Patrick A. Casey
Patrick A. Casey

## CERTIFICATE OF SERVICE

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Brief in Support of Defendant Joseph Atsus' Motion in *Limine* to Exclude Statements Protected Under the Spousal Immunity Privilege was served upon the counsel of record via the Court's ECF system on this 12th day of July, 2024:

James Buchanan, Esquire
United States Attorney's Office
235 North Washington Avenue
Suite 311
Scranton, PA 18501

Matthew L. Clemente, Esquire
Matthew L. Clemente, Attorney at Law
88 North Franklin Street, 2nd Floor
Wilkes Barre, PA 18640

Jason J. Mattioli, Esquire
Michael J. Ossont, Esquire
The Mattioli Law Firm
425 Biden Street, Suite 300
Scranton, PA 18503

Ernest D. Preate Jr., Esquire
120 South State Street
Clarks Summit, PA 18411

/s/ Patrick A. Casey
Patrick A. Casey

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NO.  3:23-CR-149** |
| | **:** | |
| **DAMIEN BOLAND,** | **:** | |
| **ALFRED ATSUS, AND** | **:** | |
| **JOSEPH ATSUS.** | **:** | **JUDGE MANNION** |
| | **:** | |
| **Defendants.** | **:** | **ELECTRONICALLY FILED** |

## <u>ORDER</u>

AND NOW, this __ day of July, 2024, upon consideration of Defendant Joseph Atsus' Motion to Exclude Statements Protected Under the Spousal Immunity Privilege, it is hereby GRANTED.

A hearing shall be held on the _____ day of _____, 2024, to determine what statements the Government seeks to admit from Mr. Joseph Atsus' ex-wife, and whether the statements are subject to exclusion in the trial in the case.

_____
Malachy E. Mannion
United States District Judge