UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR. NO. 3:23-CR-149 |
| v. | : | |
| | : | |
| NICHOLAS DOMBEK, | : | |
| DAMIEN BOLAND, | : | (Judge Mannion) |
| ALFRED ATSUS and | : | |
| JOSEPH ATSUS, | : | |
| | : | |
| Defendants. | : | (electronically filed) |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT REQUESTS (DOCS. 91-95)**

AND NOW, comes the United States of America, by and through United States Attorney Gerard M. Karam and Assistant United States Attorney James M. Buchanan, and submits this brief in opposition to Defendants Boland, Joseph Atsus, and Alfred Atsus' joint requests. (Docs. 91-95).

**PROCEDURAL BACKGROUND**

On June 6, 2023, a federal grand jury indicted the defendants, charging them each with one count of Conspiracy to Commit Theft of Major Artwork, Concealment and Disposal of Major Artwork, and Interstate Transportation of Stolen Property, in violation of 18 U.S.C.

§371. Defendant Nicholas Dombek was further charged with eight counts of Concealment or Disposal of Major Artwork, in violation of 18 U.S.C. §668 and §2, one count of Theft of Major Artwork, in violation of 18 U.S.C. §668 and §2, and one count of Interstate Transportation of Stolen Property, in violation of 18 U.S.C. §2314 and §2. Defendant Damien Boland was further charged with eight counts of Concealment or Disposal of Major Artwork, in violation of 18 U.S.C. §668 and §2, and two counts of Theft of Major Artwork, in violation of 18 U.S.C. §668 and §2. Defendant Joseph Atsus was further charged with four counts of Concealment or Disposal of Major Artwork, in violation of 18 U.S.C. §668 and §2, and one count of Theft of Major Artwork, in violation of 18 U.S.C. §668 and §2. Defendant Alfred Atsus was further charged with three counts of Concealment or Disposal of Major Artwork, in violation of 18 U.S.C. §668 and §2, and one count of Theft of Major Artwork, in violation of 18 U.S.C. §668 and §2. (Doc. 1).[1]

---

[1] The Government has not included a full factual background for this response, and instead respectfully directs the Court's attention to the Indictment filed in this case. The Government will include a Factual Background in its responses to the defendants' various other motions, including the motions to dismiss Count 1 of the Indictment and motion

On July 13, 2023, defendant Boland appeared before U.S. Magistrate Judge Joseph F. Saporito, Jr., and pleaded not guilty to all charges. (Doc. 18). Boland was released pending trial under the supervision of the Pretrial Services Office, Middle District of Pennsylvania, Scranton Division. (Doc. 38).

On July 15, 2023, defendants Alfred and Joseph Atsus separately appeared before U.S. Magistrate Judge Joseph F. Saporito, Jr., and each pleaded not guilty to all charges. (Doc. 28 & 33). Both defendants were released pending trial under the supervision of the Pretrial Services Office, Middle District of Pennsylvania, Scranton Division. (Docs. 30 & 35).

On January 2, 2024, defendant Dombek appeared before then Chief U.S. Magistrate Judge Karoline Mehalchick and pleaded not guilty to all charges. (Doc. 58). Dombek was ordered detained pending trial. (Doc. 60).

After multiple unopposed motions to extend jury selection, trial, and the pre-trial motions deadline, by Order dated March 15, 2024, the

---

for severance.

3

Court directed that the pretrial motion deadline would run on July 12, 2024, and set jury selection and trial for September 23, 2024. (Doc. 77).

On July 12, 2024, defendants Damien Boland, Joseph Atsus, and Alfred Atsus (hereinafter "Defendants") filed seventeen requests, motions, motions *in limine* and accompanying briefs in support requesting various relief, namely: a joint request for intent to use any evidence discovered under Rule 16 (Doc. 91); a joint request for written disclosure admissible under Rule 609(a)(1) and/or (2) (Doc. 92); a joint request for pretrial disclosure of hearsay statements pursuant to F.R.E. 807 (Doc. 93); a joint request for disclosure of co-conspirator statements pursuant to F.R.E. 801(d)(2)(E) (Doc. 94); a joint request for notice of any evidence the government intends to introduce at trial pursuant to Rule 404(b)(2) (Doc. 95); a joint motion to sever the case from defendant Dombek (Docs. 96-97); a joint motion for consideration of the Court to authorize the distribution of a written juror questionnaire in advance of jury selection (Docs. 98-99); a joint motion to dismiss Count 1 of the Indictment for failure to state an offense (Docs. 100-101); a joint motion *in limine* to exclude the Government's expert testimony regarding the

4

authenticity, value, and/or age of the alleged objects of cultural heritage (Docs. 101-102); a joint motion *in limine* to exclude evidence of firearm recovered from Damien Boland's Aunt (Docs. 104-105); and a motion in limine from defendant Joseph Atsus to exclude statements protected under the spousal immunity privilege. (Docs. 106-107).

On July 24, 2024, Attorney Ernest D. Preate, Jr., filed an unopposed motion to withdraw from his representation of defendant Dombek. (Doc. 108).

On July 26, 2024, the Government filed a Motion for Extension of Time to Respond to Defendants' Pretrial Motions, Requests, and Motions *in Limine.* (Doc. 109). In that Motion, the Government requested sixty (60) days in which to respond to the outstanding pretrial motions and other requests. The Defendants all concurred to a thirty (30) day extension, not the sixty days requested by the Government.

On July 31, 2024, this Court ordered a Hearing on the withdrawal of Attorney Preate, for August 13, 2024. (Doc. 112). This Court also ordered a Status Conference to be held August 13, 2024, at 11:00a.m.

(Doc. 113).

On August 6, 2024, defendants Joseph Atsus, Alfred Atsus, and Damien Boland, filed a joint Status Report. (Doc. 116).

## ARGUMENT

The Government will respond to the Defendants' joint requests *seriatim.*

### 1. Request for Notice Pursuant to Fed. R. Crim. P. 12(b)(4)(B)

The Defendants' first request is for notice pursuant to Fed. R. Crim. P. 12(b)(4)(B) for any evidence that the Government intends to use in its case-in-chief at trial. This rule, which requires the government to provide notice of its intention to use certain evidence at trial, is limited to evidence needed for a defendant's motion to suppress and evidence discoverable under Rule 16. *See United States v. Cheatham*, 500 F. Supp.2d 528, 534 (W.D. Pa. 2007); *see also United States v. de la Cruz-Paulino*, 61 F.3d 986,, 994 (1st Cir. 1995)("Rule was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before

6

trial."). However, this rule also requires that a defendant identify the "potentially suppressive evidence with specificity," in order to "trigger a notice obligation." *United States v. Li*, 2017 WL 590275 *5 (M.D. Pa. 2017, Caputo, J)(*quoting United States v. Ishak*, 277 F.R.D. 146, 159 (E.D.Va. 2011);

The Government, aware of its discovery obligations under Fed. R. Crim. P. 16 and other sources, has made voluminous disclosure of documents, reports, photographs, videos, and other evidence which the Government intends to use in its case-in-chief. *See* Status Report (Doc. 116, pg. 2-3). Additionally, on multiple occasions government counsel and federal investigators have met with defendants Dombek, Boland, and Alfred Atsus, their attorneys, as well as the attorneys of Joseph Atsus, in order to provide full access to all *Jencks* material currently in its possession and to review the evidence the Government intends to use at trial.

The Government will continue to disclose, in a timely matter, any additional evidence, reports, or other information, that it has its in possession during the continued investigation and preparation for trial

in this matter. The Government will also, prior to trial, provide copies of all trial exhibits to counsel. Therefore, the Defendants' request should be denied. *See United States v. McFarlane*, 759 F.Supp. 1163, 1170 (W.D.Pa 1991)(denying motion for notice of intention to use evidence due to prior disclosure and assurances of future notice should pertinent information become available prior to trial); *see also United States v. Litman,* 547 F. Supp. 645, 652 (W.D. Pa. 1982) (denying defendants' request to compel designation of prosecution's trial exhibits from among those produced in discovery).

2. <u>Request for Notice of Fed. R. Evid. 609(b)(2) Evidence</u>

Next, the Defendants request notice of intent to use evidence of prior convictions under the provisions of Rule 609(a)(1) and/or (a)(2). (Doc. 92). The Government will not seek to impeach the Defendants with evidence of criminal convictions outside the 10 year "look-back" period described in Fed. R. Evid. 609(b)(2).[2]

---

2 Defendant Dombek, who is not a party to the Defendants' request was convicted in 2022 of Intimidation of a Witness – False or Misleading Testimony. This conviction stems from Dombek's intimidation and

8

3.  **Request for Pre-trial Disclosure of Hearsay Statements Pursuant to Fed. R. Evid. 807.**

Next, the Defendants request pre-trial disclosure of any and all possible hearsay statement(s) as a residual exception to the hearsay rule pursuant to Fed. R. Evid. 807 which the Government may seek to introduce at trial. *See United States v. Pelullo*, 964 F.2d 193 (3d Cir. 1992). (Doc. 93).

Fed. R. Evid 807, formerly contained within Fed. R. Evid. 803(24 and 804(b)(5), allows that hearsay statements, not covered by other hearsay exceptions, are still admissible if the statement: (1) has equivalent circumstantial guarantees of trustworthiness; (2) is offered as evidence of a material fact; (3) is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve

---

threats to intimidate the co-conspirators in this case.  As discussed further   below, the Government will seek to introduce evidence of this conviction as intrinsic to the instant case, and is therefore outside the scope of Fed. R. Evid. 404(b). *See United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010).  This conviction is also within the ten-year "look-back" period.

9

the purposes of these Federal Rules of Evidence and the interests of justice. The party seeking admission under this exception must also make reasonable notice of the intent to offer such a statement to the adverse party prior to trial. Fed. R. Evid. 807.

As discussed above, the Government has already provided the Defendants with copies of, or access to, the evidence, reports, documents, and testimonial statements which the Government will use to prove its case-in-chief. The Government is not aware, at this time, of any statements which fall under Fed. R. Evid. 807's residual hearsay exception. However, if the Government discovers or becomes aware of any such statements, the Government will notify the Defendants in a timely manner.

4. **Request for Pre-trial Disclosure of Co-Conspirator Statements**

Next, the Defendants request pre-trial disclosure of all co-conspirator statements which the government intends to admit in its case-in-chief as statements of co-conspirators pursuant to Fed. R. Evid. 801(d)(2)(E). (Doc. 94).

As described above, the discovery or inspection of statements made by a prospective government witness are governed by the *Jencks Act*. *United States v. Tarantino*, 846 F.2d 1384, 1418 (D.C. Cir. 1988). While the minority of courts have reasoned that co-conspirators' statements may be considered statements "made by the defendant" and are therefore discoverable under Rule 16(a)(1)(A), if the co-conspirator is not a prospective government witness, other courts, including several Courts of Appeal, as well as district courts within the Third Circuit, have declined to order such discovery, concluding that Rule 16 does not require it. *United States v. Bell*, 2024 WL 1892283 *14 (M.D. Pa. 2024)(Mannion, J.); *Tarantino*, 846 F.2d at 1418; *United States v. Roberts*, 811 F.2d 257, 258 (4th Cir. 1987): *United States v. Mayberry*, 896 F.2d 1117, 1122 (8th Cir. 1990); *United States v. Orr*, 825 F.2d 1537, 1541 (11th Cir. 1987); *United States v. Coles*, 511 F.Supp.3d 566, 579-580 (M.D. Pa. 2021); *United States v. Bledsoe*, 2006 WL 3098770, at *2 (W.D. Pa. 2006); *United States v. Breslin*, 1996 WL 622778 at *1 (E.D. Pa. 1996); *United States v. Giampa*, 904 F. Supp. 235, 284-85 (D. N.J. 1995).

Furthermore, as discussed above, the Defendants have all already been provided with access to the co-conspirator statements which the Government intends to use at trial.

5. <u>Request for Pre-trial Disclosure of Rule 404(b)(2) Evidence as to Defendants Boland, Alfred Atsus, and Joseph Atsus</u>

Next, the Defendants request pre-trial disclosure of any other crimes, wrongs, or acts which the Government intends to introduce at trial in accordance with Fed. R. Evid. 404(b)(2).

As specified in the indictment in this case, the Defendants are charged with conspiring, over the course of twenty years, with theft of major artwork, concealment or disposal of major artwork and the interstate transportation of stolen property, along with the associated substantive crimes involved with that conspiracy. The Government intends to introduce at trial only bad acts or crimes that are intrinsic to the crimes charged in this case, including the underlying factual basis for Defendant Dombek's 2022 conviction for witness intimidation against prospective government witnesses in this case.

12

Rule 404(b) "directs that evidence of prior bad acts be excluded unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." However, 404(b) only applies to evidence of wrongful acts that are "extrinsic" to the charged offense. Evidence that is "intrinsic" does not fall within the rule. *United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010).

In *Green*, the Third Circuit explained that the "intrinsic" label is reserved "for two narrow categories of evidence." *Id.* at 248. "First, evidence is intrinsic if it 'directly proves' the charged offense." *Id.* (citations omitted). "Second, 'uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime.'" *Id.* at 249 (*quoting United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)).

In deciding whether the actions of conspiracy members taken during the course of the conspiracy, or in order to prevent the discovery of that conspiracy, are intrinsic to the case, the Third Circuit's decision in *United States v. Gibbs* is illustrative. 190 F.3d 188, 218 (3d Cir. 1999). In *Gibbs*, a drug trafficking conspiracy case, the Court

13

approved the admission of evidence of the defendant's use of violence and threats against former co-conspirators and other rivals to the drug trafficking conspiracy as intrinsic evidence, and not subject to Rule 404(b), stating that "since the government introduced evidence of Gibbs's use of violence to further the illegal objectives of the cocaine conspiracy by removing threats to himself (since threats to Gibbs meant threats to the trafficking enterprise), the District Court did not abuse its discretion in permitting this evidence to come in." *Id.* at 218.

This is similar to the factual allegations behind Dombek's 2022 conviction in which he made recorded statements to a co-conspirator about the likelihood that other co-conspirators would cooperate with the police and urged the murder of an uncharged co-conspirator in order to prevent that individual's cooperation and/or testimony against the members of the conspiracy.

Defendant Dombek has not joined the other Defendants in this motion, and the Government is not aware, at this time, of any other bad acts or crimes by the Defendants, which require notice under Fed. R. Evid. 404(b).

                                        Respectfully submitted,

                                        GERARD M. KARAM
                                        United States Attorney

Date: August 12, 2024            /s/ James M. Buchanan
                                        JAMES M. BUCHANAN
                                        Assistant U.S. Attorney
                                        Attorney ID #PA30012
                                        235 N. Washington Ave., Ste. 311
                                        Scranton, PA 18503
                                        Tel. No. (570) 348-2900
                                        james.buchanan@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR. NO. 3:23-CR-149 |
| v. | : | |
| | : | |
| NICHOLAS DOMBEK, | : | |
| DAMIEN BOLAND, | : | (Judge Mannion) |
| ALFRED ATSUS and | : | |
| JOSEPH ATSUS, | : | |
| | : | |
| Defendants. | : | (electronically filed) |

### CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the instant brief is in compliance with Local Rule 7.8(b)(2), in that the Brief in Support of the Government's Motion to Disqualify 2,602 words.

/s/ James M. Buchanan
JAMES M. BUCHANAN
Assistant U.S. Attorney

16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR. NO. 3:23-CR-149 |
| v. | : | |
| | : | |
| NICHOLAS DOMBEK, | : | |
| DAMIEN BOLAND, | : | (Judge Mannion) |
| ALFRED ATSUS and | : | |
| JOSEPH ATSUS, | : | |
| | : | |
| Defendants. | : | (electronically filed) |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

On August 12, 2024, the undersigned served a copy of the attached:

### GOVERNMENT'S RESPONSE TO DEFENDANTS' JOINT REQUESTS (DOCS. 91-95)

by ECF upon:
Jason J. Mattioli, Esq.
Patrick A. Casey, Esq.
Matthew L. Clemente, Esq.
Attorneys for Defendant Alfred Atsus, Joseph Atus, and Damien Boland

Dated: August 12, 2024               /s/ James M. Buchanan
                                     JAMES M. BUCHANAN

17