UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR. NO. 3:23-CR-149 |
| v. | : | |
| | : | |
| NICHOLAS DOMBEK, | : | |
| DAMIEN BOLAND, | : | (Judge Mannion) |
| ALFRED ATSUS and | : | |
| JOSEPH ATSUS, | : | |
| | : | |
| Defendants. | : | (electronically filed) |

### GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANTS' REQUEST FOR AUTHORIZATION OF SUBPOENAS *DUCES TECUM* (Doc. 116)

The defendants Damien Boland, Joseph Atsus, and Alfred Atsus (hereinafter "Defendants") have filed a "Status Update" which, in part, requests the Court to approve the issuance of twenty (20) subpoenas *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c). (Doc. 116, ¶1).

In that request, the Defendants allege that the Government has failed to provide the materials being sought in the proposed subpoenas during the pre-trial discovery process.[1] However, this request is

---

[1] While the Defendants claim that the requests are "critical" to the defense, it is unclear if the Defendants were referring to the expert

1

disingenuous. The Government has already provided thousands of pages of documentation provided by the various victim entities which are responsive to the requested subpoenas, including, but not limited to: evidence of ownership of the items stolen from the various victim entities; evidence of the age and value of any of the stolen items; any reports, documents, and/or appraisals regarding the stolen items which were in the victim's possession.  What the Defendants have not been provided are any expert reports created by the Government expert in *anticipation of trial.*  As detailed in the Notice of Expert Opinion provided to the Defendants on August 13, 2024, the Government's expert is currently working on creating those reports and the Government anticipates disclosing the reports to the Defendants in a timely manner as soon as the reports exist. A copy of the Government's Notice is attached to this response as Government's Exhibit A.

---

reports, i.e. appraisals created by the Government's expert witness(es), or the victim entity records, as the "critical items" that they have not been provided.  If the Defendants are referring to the victim entities' records regarding the ownership, age, and worth of the stolen items, the Defendants already have in their possession extensive documentation provided by the victim entities which were disclosed to the Defendants by the Government during pre-trial discovery.

Furthermore, while the Government does not oppose the proposed subpoenas *duces tecum* to the victim entities on grounds of relevance, the request for proposed subpoenas should be denied as overly broad, duplicative, unreasonably onerous, and as an attempt to subvert the requirements of the *Jencks* Act.

## ARGUMENT

## Legal Standard

Federal Rule of Criminal Procedure 17(c) authorizes a district court to quash subpoenas that are "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). It "is the responsibility of the Court . . . to ensure that a subpoena secured under Rule 17(c) is for a proper purpose." *United States v. Wecht*, No. 06-0026, 2008 WL 250549, at *2 (W.D. Pa. Jan. 30, 2008) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221 (1951)); *United States v. Weissmann*, No. 01-529, 2002 WL 31875410, at *5 (S.D.N.Y. Dec. 26, 2002) ("it is the Court's responsibility to ensure that the subpoena is for a proper purpose and complies with the requirements of Rule 17(c)"). The decision to enforce a subpoena is within the court's discretion. *United States v. Baroni*, No. 15-193, 2015 WL 9049528, at *2 (D.N.J. Dec. 16, 2015).

"[R]ule 17(c) is designed as an aid for obtaining relevant evidentiary material that the moving party may use at trial." *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980). "Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." *Id.* at 146. Rule 17(c) is "not intended to provide an additional means of discovery." *Bowman Dairy Co.*, 341 U.S. at 220.

A defendant seeking the issuance of subpoenas under Rule 17(c) bears the burden of showing "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). The party seeking a subpoena must show "(1) relevancy; (2) admissibility; and (3) specificity." *Id.* at 700.

4

### The Defendants' Definition of "Documents" Lacks Specificity and is an Attempt to subvert the *Jencks* Act

In the twenty proposed subpoenas the Defendants seek "documents" relating to the ownership, age, and worth of any items stolen from the various victim entities, during the alleged burglaries in this matter. Specifically, the defendant seeks the following categories of "documents":

### "Definitions

The Term "documents" includes, but is not limited to, ***any writing***, electronic file, graphic matter or other tangible thing, whether printed, recorded, stored electronically, produced by any other process, or written or produced by hand, including but not limited to, letters, reports, other ***written communications, correspondence***, telegrams, memoranda, summaries, records, itineraries, ***forecasts, analyses, lab reports, projections***, work papers, photographs, tape recordings, models, graphs, statistical statements, notebooks, charts, plans, drawings, artwork, brochures, summaries of negotiations, press releases, ***intra-office or inter-company communications,*** routing slips or the like, promotional or advertising materials, ***marginal comments appearing on any document***, invoices, shipping papers, labels, packaging, purchase orders, contracts, printed publications, ***minutes or records of meetings, minutes or records of conferences, agendas, expressions or statement of policy,*** lists of person attending meetings or conferences, reports and summaries of investigations, ***opinions and reports of consultants***, ***studies, evaluation, sound recordings, motion pictures, models, sketches, video tapes, proofs, photographs, films, computer input or output, recordings on disk or tape, archive records, disks, e-mail messages, text***

*messages, internet communications, social media posts*, and *electronic communications* whether or not printed or in hard copy, and any other writings including drafts and revisions. The requests below seek documents related to the burglary of [Victim Entity] at [Address of Victim Entity] on [Date of Burglary]."[2]

(Doc. 116, Exhibit "B").

A party seeking such subpoenas bears the burden of showing that the subpoenas seek relevant and admissible evidence and are written with "specificity." *Nixon*, 418 U.S. 683 at 700. The Defendants' proposed subpoenas, while limited in scope and date to the related burglary of that victim entity, demand broad and general categories of information with little to no proffer of sufficient reasons for the issuance of such unusual subpoenas in light of the extensive pre-trial discovery already disclosed.

Here, the Defendants' overly broad definition of "Documents" in their requests are inconsistent with the spirit and purpose of Rule 17, and the issuance of these subpoenas without more appropriate specificity risks their use as a general discovery device, particularly as a tool to subvert the *Jencks* Act and to gain early and unauthorized

---

[2] The bolded and italicized definitions would require the production of prospective witness statements.

disclosure of prospective Government witnesses' statements. The Third Circuit has stated that a broad request "based solely on the mere hope that some exculpatory material might turn up" does not "justif[y] enforcement of a subpoena under Rule 17(c)." *Cuthbertson*, 630 F.2d at 146 (*citing United States v. Maloney*, 37 F.R.D. 441, 445 (W.D. Pa. 1965) ("Rule 17(c) was *not* intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials.") (*quoting Bowman Dairy Co.*, 341 U.S. at 219-220) (emphasis added).

    As the Defendants are already in possession of the records provided to the Government by the victim entities regarding the ownership, age, and value of the stolen objects, the inclusion of this overly broad request appears to be a general "fishing expedition" criticized by the Rule 17(c) caselaw. *Nixon, Cuthbertson, United States v. Mendinueta-Ibarro,* 956 F.Supp.2d 511, 513 (S.D.N.Y. 2013)("Subpoenas seeking *"any and all"* materials, without mention of "specific admissible evidence," justify the inference that the defense is

engaging in the type of "fishing expedition" prohibited by *Nixon*.") (emphasis added),

Rule 17(h) of the Federal Rule of criminal Procedure precludes the production of prospective witness statements. Rule 17(h) states: "No party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement."

While trial court judges have disagreed whether this rule applies to all witness statements or just statements already in the possession of the Government, the use of an amended and narrower definition of "documents" would mitigate any risk that the Defendants are using this subpoena request as an additional means of discovery and to gain access to early, unauthorized disclosure of *Jencks* material. *See United States v. Skylar Ariel Phoenix*, 2015 6094882 at *3 (N.D. Cal. 2015)(M.J. Grewal); *United States v. Yudong Zhu*, 2014 WL 5366107 * 3 & n.3 (S.D.N.Y 2014)(J. Marrero); *compare United States v. Hussain*, 2018 WL 1091032 at *2 (N.D. Cal. 2018)(J. Breyer);*United States v. Goldstein* at * WL 3662971 at *5-6 (E.D.N.Y. 2023)(J. Chin).

For example, the Defendants' use of the terms bolded and italicized above, would result in the premature disclosure of prospective witnesses' statements. By the inclusion of these terms, the Defendants are not seeking relevant, admissible, and specified records, but instead or seeking statements made by the victim entities regarding those stolen items beyond the requirements of the *Jencks* Act.

### The Defendants' Requests Place an Unreasonable and Oppressive Burden on the Victim Entities

The Defendants' broad definition of "documents", while limited to the dates and burglaries in questions at trial, is still overly broad and the issuance of these subpoenas without appropriate specificity would create an unreasonable and oppressive burden on the victim entities.

Rule 17(c)(2) requires court to quash subpoenas that are "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). *See Nixon*, 418 U.S. at 698. Relevant requests that impose an unduly oppressive burden for the producing party, may be quashed, especially if they are also overbroad. See *United States v. Akhavan*, 505 F.Supp.3d 289, 291 (S.D.N.Y. 2020)("This Court will not command [Producing Party] to turn over the haystack so that [defendant] can extract the needle."); *United States v. Tucker*, 249 F.R.D. 58, 54 (S.D.N.Y.2008).

9

The Defendants' broad definition of "documents" places an onerous burden on the victim entitles to search additional forms of records, media, and other information, that would merely be duplicitous to the documents, records, and other information already provided by the Victim Entities and currently in the Defendants' possession.

Accordingly, the Defendants have failed to meet the requirements of Rule 17(c) and the request should be denied.

## Conclusion

For the reasons stated herein, the United States respectfully requests that the Court deny the Defendants' proposed Rule 17 subpoenas.

                Respectfully submitted,

                GERARD M. KARAM
                United States Attorney
                Middle District of Pennsylvania

                By: s/ James M. Buchanan
                 JAMES M. BUCHANAN
                 Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CR. NO. 3:23-CR-149 |
| v. | : | |
| | : | |
| NICHOLAS DOMBEK, | : | |
| DAMIEN BOLAND, | : | (Judge Mannion) |
| ALFRED ATSUS and | : | |
| JOSEPH ATSUS, | : | |
| | : | |
| Defendants. | : | (electronically filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

On August 15, 2024, the undersigned served a copy of the attached:

**GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANTS' REQUEST FOR AUTHORIZATION OF SUBPOENAS *DUCES TECUM* (Doc. 116)**

by ECF upon:
Jason J. Mattioli, Esq.
Patrick A. Casey, Esq.
Matthew L. Clemente, Esq.
Attorneys for Defendant Alfred Atsus, Joseph Atus, and Damien Boland

Dated: August 15, 2024                    /s/ James M. Buchanan
                                          JAMES M. BUCHANAN